IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| VANDROTH BACKUS, et al., ) | |
| ) | Case No.: 3:11-cv-03120-PMD-HFF-MBS |
| Plaintiffs, ) | |
| ) | |
| v. ) | REPLY OF GOVERNOR, ANDINO, ELECTION |
| ) | COMMISSION AND STATE TO PLAINTIFFS' |
| The STATE OF SOUTH ) | MEMORANDUM IN OPPOSITION TO |
| CAROLINA, et al., ) | MOTIONS TO DISMISS |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Defendants Governor, Election Commission Director Andino and State Election Commission members(Election Commission Defendants) and State of South Carolina reply to Plaintiffs' Memorandum in Opposition to their Motions to Dismiss.

**I**

**THE GOVERNOR, THE ELECTION COMMISSIONER DEFENDANTS AND THE STATE ARE NOT NECESSARY PARTIES AND PLAINTIFFS HAVE FAILED TO STATE CLAIMS AGAINST THEM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiffs contend that the Governor and Election Commission defendants are necessary parties so that the Court can ensure its ability to grant complete relief, but they offer no valid reasons demonstrating such necessity. Even if, *arguendo*, the Governor were not immune from suit, she is not a necessary party. She cannot be compelled to sign or veto legislation which are her only powers at issue in this proceeding. *See Saffioti v. Wilson*, 392 F. Supp. 1335, 1342 (S.D.N.Y. 1975) ("the exercise of the veto power requires judgment and discretion on the part of the Governor and that [s]he cannot be compelled by the Legislature or by this Court to exercise

this power or to exercise it in a particular manner.")  Plaintiffs offer no reasons why the Defendants Andino and the other Election Commission Defendants need to be named parties other than the noting that they conduct elections.  Those duties do not relate to the drafting of a reapportionment plan.  Whatever this Court decides regarding an apportionment plan, the Election Commission Defendants will follow the order of the Court, and they do not need to be part of the decision making process regarding the validity of the plan at issue. *Garrison v. Merced*, CIV. A. 89-0013MC, 1989 WL 63683 (D. Mass. May 30, 1989) aff'd, 893 F.2d 1327 (1st Cir. 1989) ("The City of Boston Election Commission has nothing to do with the redistricting process under Massachusetts General Laws . . . and there is a failure here to state a claim against it.")(copy attached).  Similarly, the State is not a necessary party to this suit because the State, as a corporate entity, does not draw the district lines and does not have a direct, hands-on role with regard to redistricting.

No reason exists to clutter this suit with defendants having no role or no direct role in the drawing of district lines.  Plaintiffs have failed to state a claim as to which relief can be granted as to any of them.  Accordingly, the Governor, the Election Commission Defendants and the State should all be dismissed as defendants.

## II

## LEGISLATIVE IMMUNITY BARS THIS ACTION AGAINST THE GOVERNOR

The Defendant Governor Haley is named as a party "because of her ability to sign bills into law or veto them" (Plaintiffs' Memorandum in Opposition at p. 28), but legislative immunity bars any such allegations against her. Plaintiffs contend that this immunity extends only to personal liability actions rather than official capacity actions for injunctive relief, but they are incorrect. Legislative immunity extends to actions for injunctive relief against a Governor. *Risser v. Thompson,* 930 F.2d 549, 551 (7th Cir. 1991). As set forth in *Risser*:

> Legislators' immunity is absolute, *Tenney v. Brandhove*, 341 U.S. 367 (1951), and extends to injunctive as well as to damages suits. *Supreme Court v. Consumers Union*, 446 U.S. 719 (1980). When the governor of a state is exercising his veto power, he is acting in a legislative capacity, *Edwards v. United States*, 286 U.S. 482, 490-91 (1932); *State ex rel. Wisconsin Senate v. Thompson*, *supra*, 144 Wis.2d at 454-55, 424 N.W.2d at 395; *Rateree v. Rockett*, 852 F.2d 946, 951 (7th Cir.1988) (dictum), and he is therefore entitled to absolute immunity.

(Cited for this point in *Brunson v. F.B.I.,* CIV.A.3:08-2965-JFA-, 2008 WL 4511049 at note 4 (D.S.C. Oct. 6, 2008)(copy attached)). The Fourth Circuit has recognized that legislative immunity applies to actions for injunctive relief against legislators (*Schlitz v. Com. of Va.,* 854 F.2d 43, 46 (4th Cir. 1988))(overruled only to the extent the case applies to municipalities, *Berkley v. Common Council of City of Charleston*, 63 F.3d 295 (4th Cir. 1995)). *See also, Alia v. Michigan Supreme Court*, 906 F.2d 1100 (6th Cir. 1990)(legislative immunity applies to action for injunctive relief against justices)(also cited in *Brunson*). *See also, Marylanders for Fair Representation, Inc. v. Schaefer,* 144 F.R.D. 292, 297 (D. Md. 1992). (legislative immunity "against civil liability extends to suits for injunctive and declaratory relief." *Id. But see, Acierno v. Cloutier*, 40 F.3d 597 (3d Cir. 1994).

Clearly, the Governor is entitled to immunity for any of her duties that relate to legislative functions. Because those functions are the reason for her being named in this suit (Plaintiffs' Memorandum in Opposition at pp. 28 and 29), the Governor should be dismissed.

### III

### PLAINTIFFS LACK STANDING TO SUE THE ELECTION COMMISSION DEFENDANTS AND THE STATE

For the same reasons that the Plaintiffs have failed to state a claim as to which relief can be granted against the Election Commission Defendants and the State, the Plaintiffs lack standing to sue them. No alleged injury is "fairly traceable to the defendant's unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Accordingly, regardless of whatever claims the Plaintiffs may have to challenge the redistricting plans at issue, they lack standing to sue the Election Commission Defendants and the State because Plaintiffs cannot trace any alleged injury to the conduct of these Defendants.

Plaintiffs contend that they have standing by showing "specific evidence tending to support [the] inference" that the plan as a whole is racially discriminatory citing *United States v. Hays*, 515 U.S. 737, 745 (1995). Their reading and application of *Hays* is wrong. *Hays* instead states that "where a plaintiff does not live in [an alleged racially gerrymandered] district, he or she does not suffer those special harms, and any inference that the plaintiff has personally been subjected to a racial classification would not be justified absent specific evidence tending to support that inference." *Id.* Plaintiffs' allegations are insufficient to meet this standard and establish standing to challenge districts in which they do not reside.

4

## IV

## THE GOVERNOR AND THE STATE ARE ENTITLED TO SOVEREIGN IMMUNITY FROM SUIT

Although the State may not be entitled to Eleventh Amendment immunity from suit under the Voting Rights Act, the State is not a person subject to suit under 42 U.S.C. §1983. *Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989). Accordingly, immunity bars any claims against the State that Plaintiffs may have under §1983 and Plaintiffs may not recover attorneys fees under §1988 for any claim under §1983. The Governor also is immune because she has no special relation to the redistricting statute at issue and her general executive powers regarding state laws are insufficient to make her a proper defendant. *Waste Management Holdings, Inc, v. Gilmore,* 252 F. 3d 316, 329 (4th Cir. 2001); *McBurney v. Cuccinelli,* 616 F. 3d 393, 399 (4th Cir. 2010)  See also, *Charleston Co. School Dist. v. Harrell,* 393 S.C. 552, 713, S.E. 2d 604, 609 (2011).

## CONCLUSION

For the foregoing reasons, the Defendants Governor, Andino, South Carolina Election Commission and State of South Carolina request that this action be dismissed as to them.

> Respectfully submitted,
>
> ALAN WILSON
> Attorney General
> Federal ID No.10457
>
> ROBERT D. COOK
> Assistant Deputy Attorney General
> Federal ID No. 285
> Email: AGRCOOK@SCAG.GOV
>
> /s/ J. Emory Smith, Jr.
> J. EMORY SMITH, JR.
> Assistant Deputy Attorney General
> Federal ID No. 3908
> Email: AGESMITH@SCAG.GOV
>
> J.C. NICHOLSON, III
> Assistant Attorney General
> Federal I.D. No. 9171
> Email: JCNicholson@scag.gov
>
> Post Office Box 11549
> Columbia, South Carolina 29211
> Phone: (803) 734-3680
> Fax: (803) 734-3677
>
> Counsel for Defendants Governor,
> Andino, Election Commission and State

January 4, 2012