THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| **VANDROTH BACKUS, WILLIE HARRISON BROWN, CHARLESANN BUTTONE, BOOKER MANIGAULT, EDWARD MCKNIGHT, MOSES MIMS, JR, ROOSEVELT WALLACE**, and **WILLIAM G. WILDER**, on behalf of themselves and all other similarly situated persons, | ) ) ) ) ) ) ) ) ) ) | Case No.: 3:11-cv-03120-HFF-MBS-PMD |
| Plaintiffs, | ) ) | **ORDER** |
| v. | ) ) | |
| **THE STATE OF SOUTH CAROLINA**, **NIKKI R. HALEY**, in her capacity as Governor**, KEN ARD**, in his capacity as Lieutenant Governor**, GLENN F. MCCONNELL**, in his capacity as President Pro Tempore of the Senate and Chairman of the Senate Judiciary Committee**, ROBERT W. HARRELL, JR**, in his capacity as Speaker of the House of Representatives, **JAMES H. HARRISON,** in his capacity as Chairman of the House of Representatives' Judiciary Committee, **ALAN D. CLEMMONS**, in his capacity as Chairman of the House of Representatives' Elections Law Subcommittee, **MARCI ANDINO**, in her capacity as Executive Director of the Election Commission, **JOHN H. HUDGENS, III**, Chairman, **NICOLE S. WHITE, MARILYN BOWERS, MARK BENSON**, and **THOMAS WARING**, in their capacity as Commissioners of the Elections Commission, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on Senator Dick Elliott's Motion to Intervene. For the reasons stated herein, the Court grants the Motion.

1

## BACKGROUND

On November 11, 2011, Plaintiffs Vandroth Backus, Willie Harrison Brown, Charlesann Buttone, Booker Manigault, Roosevelt Wallace, and William G. Wilder ("Plaintiffs") filed a complaint seeking declaratory and injunctive relief under Section 2 of the Voting Rights Act of 1965 ("VRA"), 42 U.S.C. § 1973, 42 U.S.C. §1983, Article I, Section 2 of the United States Constitution, and the Fourteenth and Fifteenth Amendments to the United States Constitution. Edward McKnight and Moses Mims were added as Plaintiffs in the amended complaint filed on November 23, 2011. The Amended Complaint alleges that race was the predominant factor in drawing the redistricting plans because the demographics of the plans show that Defendants packed additional black voters into districts contrary to natural population shift and contrary to traditional redistricting principles. Pls.' Am. Compl. ¶¶ 63-65. Plaintiffs allege an intentional effort to diminish black voting power in violation of the VRA. Pls.' Reply Ct. Order 5.

Per the Court's Order issued on January 19, 2012, Plaintiffs filed a Reply clarifying their case, specifically the districts at issue, and submitted alternative redistricting plans. Relevant to this Motion, Plaintiffs allege that "the Senate decided at the outset to draw nine majority-black Senate Districts 19, 21, 30, 32, 36, 39, 40, 42 and 45 and attempted to keep BVAP as high as possible in districts 7, 10 and 29 because these seats are represented by black Senators." Pls.' Reply Ct. Order 8. Alternatively, Plaintiffs challenge the "entirety of the Senate Plan as an intentional effort to marginalize black voting power by drawing the nine majority-minority Senate Districts described above to an arbitrary fifty-percent BVAP standard and intentionally adding BVAP to districts merely because they happen to elect black Senators in what Plaintiffs presume is an effort to meet Defendants' arbitrary fifty-percent standard." Pls.' Reply Ct. Order

10. Plaintiffs limited their equal protection claims to Districts 21 and 25 and the affected neighboring districts (10, 18, 20, 23, 24, and 26).

On February 3, 2012, Senator Elliott, the incumbent Senator for Senate District 28 in Horry and Dillon Counties, filed a motion pursuant to Fed.R.Civ.P 24(a) seeking intervention of right or in the alternative, requesting permissive intervention pursuant to Rule 24(b). Senator Elliott is seeking declaratory and injunctive relief on behalf of himself and the voters of his District from Act 71, which he alleges discriminates on the basis of race. He alleges that "the current redistricting plan dilutes the minority voting strength in District 28 by unnecessarily concentrating minority voters in neighboring Districts 30 and 32." Mot. Intervene 2. He claims that District 28 is similarly impacted, but left out of Plaintiffs' response, despite the inclusion of District 30, with which he shares a border. Therefore, he seeks intervention to protect his interests, which are not adequately represented by existing parties.

## STANDARD OF REVIEW

### A. Intervention of Right

Rule 24(a)(2) of the Federal Rules of Civil Procedure allows intervention of right when:

> upon timely application . . . the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Accordingly, applicants to intervene as matter of right must meet all four of the following requirements: (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation. Fed. R. Civ. P.

3

24(a); *Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders' Ass'n,* 646 F.2d 117, 120 (4th Cir.1981). The district court is "'entitled to the full range of discretion in determining whether the requirements of [Rule 24(a)(2)] have been met.'" *Virginia v. Westinghouse Electric Co.*, 542 F.2d 214, 216 (4th Cir. 1976) (quoting *Rios v. Enter. Ass'n Steamfitters, Local 638*, 520 F.2d 352, 355 (2d Cir. 1975)).

**B.     Permissive Intervention**

Federal Rule of Civil Procedure Rule 24(b)(2), as amended in 1966, establishes three conditions which an applicant must meet in order to intervene as a matter of grace: (1) the motion to intervene must be timely, (2) an applicant's claim or defense and the main action have a question of law or fact in common, and (3) in its discretion, the court shall determine that the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. *See TPI Corp. v. Merch. Mart of South Carolina, Inc.*, 61 F.R.D. 684, 688 (D.S.C. 1974). Rule 24(b) is to be construed liberally in favor of intervention. *State of Md., to Use of Carnesdale v. Rolen*, 124 F. Supp. 86, 87 (D.Md. 1954).

The court has broad discretion in granting permissive intervention under Rule 24(b). *Capacchione v. Charlotte-Mecklenburg Bd. of Educ.* 179 F.R.D. 505, 509 (W.D.N.C. 1998). When there is a common question of fact, the court may allow intervention in the interest of judicial economy. *See Thomas v. Henderson,* 297 F. Supp. 2d 1311 (S.D. Ala. 2003). A common question of fact exists when factual determinations of a jury will directly impact the interest of the intervening party. *See id.* The court may also consider such relevant factors as the nature and extent of the intervening party's interest as well as any conflicts of interest, prejudices or inequities that intervention may create. *Alexander v. Hall*, 64 F.R.D 152 (D.S.C. 1974).

4

## **DISCUSSION**

After considering the record and all relevant motions, the Court finds that intervention should be permitted pursuant to Fed. R. Civ. P. 24(b)(1). The Court will briefly address in turn the three factors, outlined above, which aided the Court in reaching its determination.

1. **Timeliness**

When considering the timeliness of a Rule 24(b) motion, the court has broad discretion and should consider all factors relating to the case in determining if the motion is timely. *See NAACP v. New York,* 413 U.S. 345, 365 (1973). The issue of the timeliness of Senator Elliott's motion presents a close call. However, due to the nature of this case and the timing of Plaintiffs' response, the Court finds that it is appropriate to give Senator Elliott the benefit of the doubt because he raises the issue of not being protected by Plaintiffs' plans. Therefore, the Court concludes that Senator Elliott's motion is timely.

2. **Common Questions of Law and Fact**

Next, the court considers whether the applicant has a question of law or fact that is common with the action. Fed.R.Civ.P 24(b). Senator Elliott claims that his interests arise from identical issues of law and common questions of fact at issue in this case. Specifically, he argues that he asserts the same claims and need for remedy at issue in this action.

The Court agrees that Senator Elliott's claims and the Plaintiffs' claims share common questions of law and fact. He is asserting the same causes of action, and his claims will also depend on whether race was intentionally used by Defendants as the predominant factor in drawing the plans to dilute minority voting strength. The underlying facts giving rise to the causes of action asserted by both Senator Elliott and Plaintiffs are identical. The Court is mindful

that the purpose of Rule 24—to prevent multiplicity of suits involving common questions of law or fact—should not be ignored. *Reich v. Webb*, 336 F.2d 153 (9th Cir. 1964), *cert. denied*, 380 U.S. 915 (1965); *Merch. Mart of South Carolina*, 61 F.R.D. at 690-91. Therefore, Senator Elliott's motion satisfies this requirement.

### 3. Undue Delay or Prejudice

Finally, the court must determine if intervention will cause undue delay or create an inequitable position amongst the parties. *Merch. Mart of South Carolina*, 61 F.R.D. at 688. Senator Elliott claims a direct interest in the subject matter of the action and therefore seeks to intervene to allow him to fully participate in the case. He contends that he must be made a party to the action because otherwise District 28 will not be challenged, despite being affected by Defendants' race-based violation of both § 2 of the VRA and Equal Protection. The Court finds that allowing intervention will most likely result in avoiding future litigation and increased judicial economy.

Senator Elliott has filed a timely motion to intervene and shown that he has questions of fact in common with the underlying action, and the Court believes that intervention will not unduly delay or prejudice either party. Accordingly, Senator Elliott's intervention is proper. However, the Court is mindful of the intense timing constraints in this case and therefore imposes a condition on the intervention: (1) Senator Elliott must comply with the existing Scheduling Order—no extensions will be granted. The purpose of this condition is to ensure that Senator Elliott's presence in the case will not unduly delay or compromise the interests of any party.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED**, that Senator Elliott's Motion to Intervene pursuant to Rule 24(b) is hereby **GRANTED.**

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**February 8, 2012**