**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| **VANDROTH BACKUS**, **WILLIE HARRISON BROWN**, **CHARLESANN BUTTONE, BOOKER MANIGAULT, EDWARD MCKNIGHT**, **MOSES MIMS, JR., ROOSEVELT WALLACE**, and **WILLIAM G. WILDER**, on behalf of themselves and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>**THE STATE OF SOUTH CAROLINA**, **NIKKI R. HALEY**, in her capacity as Governor**, GLENN F. MCCONNELL**, in his capacity as President Pro Tempore of the Senate and Chairman of the Senate Judiciary Committee**, ROBERT W. HARRELL, JR.**, in his capacity as Speaker of the House of Representatives, **MARCI ANDINO**, in her capacity as Executive Director of the State Election Commission; **JOHN H. HUDGENS, III**, Chairman, **NICOLE S.WHITE**, **MARILYN BOWERS**, **MARK BENSON**, and **THOMAS WARING**, in their capacities as Commissioners of the State Election Commission,<br><br>Defendants. | Case No.: 3:11-cv-03120-HFF-MBS-PMD<br><br><br><br><u>**ORDER**</u> |

Before HENRY F. FLOYD, United States Circuit Judge, MARGARET B. SEYMOUR, Senior District Judge, and PATRICK MICHAEL DUFFY, Senior District Judge.

PER CURIAM:

This matter is before the Court on Plaintiffs' Motion for Relief from a Judgment and Order ("Motion for Relief") pursuant to subsections (5) and (6) of Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth herein, Plaintiffs' Motion for Relief is denied.

## **BACKGROUND**

This action stems from Plaintiffs' various challenges to South Carolina's electoral redistricting plans.[1] In light of significant population growth between the 2000 and 2010 censuses, as well as the addition of a seventh congressional seat, the South Carolina General Assembly undertook to redraw the state legislative and congressional districts following the 2010 elections. After the redistricting plans were enacted by the General Assembly and signed into law by Governor Nikki R. Haley, the plans became effective, subject to federal administrative preclearance pursuant to section 5 of the Voting Rights Act. The Department of Justice subsequently granted preclearance to the plans, at which point the plans took effect.

On November 11, 2011, Plaintiffs filed a Complaint in the United States District Court for the District of South Carolina seeking a declaratory judgment and injunctive relief. Specifically, Plaintiffs alleged a Fourteenth Amendment racial gerrymandering claim, as to both the House and congressional plans; a violation of section 2 of the Voting Rights Act, as to both the House and congressional plans; a somewhat unclear vote-dilution claim under the Fourteenth Amendment; and a violation of the Fifteenth Amendment. The Court held a trial in Columbia on March 1–2, 2012, and on March 9, 2012, the Court entered judgment for Defendants as to all of Plaintiffs' claims. *Backus v. South Carolina*, 857 F. Supp. 2d 553 (D.S.C. 2012) (three-judge panel). Following a direct appeal to the United States Supreme Court, this Court's Judgment was affirmed on October 1, 2012. *Backus v. South Carolina*, 133 S. Ct. 156 (2012).

---

1. The Factual Context and Procedural History of this litigation are set forth in greater detail in this Court's March 9, 2012 Order.

On August 29, 2013, Plaintiffs filed a Motion for Relief pursuant to Rule 60(b)(5) and (b)(6) of the Federal Rules of Civil Procedure seeking to set aside this Court's March 9, 2012 Order and Judgment in light of the Supreme Court's decision in *Shelby County, Alabama v. Holder*, 133 S. Ct. 2612 (2013). Plaintiffs also request a hearing on their Motion for Relief, an order setting aside this Court's Order and Judgment, and a scheduling order for the submission of briefing and argument to determine whether the House plan denies Plaintiffs equal protection under the law as guaranteed by the Fourteenth Amendment. Plaintiffs do not, however, request relief from the entry of judgment in favor of Defendants as to their challenges to the congressional plan.[2] Moreover, Plaintiffs' Motion for Relief does not address, or seek relief from, the Court's entry of judgment in favor of Defendants as to Plaintiffs' Voting Rights Act or Fifteenth Amendment claims. Accordingly, the only issue presently before the Court is whether Plaintiffs are entitled to relief given the Supreme Court's decision in *Shelby County*.[3] With all parties having briefed this matter, Plaintiffs' Motion for Relief is now ripe for consideration.

## STANDARD OF REVIEW

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a moving party may obtain relief from a final judgment and seek to reopen the underlying case in a limited number of circumstances. *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Specifically, Rule 60(b) provides the means by which a court may grant relief to a party from "a final judgment, order, or proceeding," *id.*, for one or more of five separately enumerated reasons, including "mistake, inadvertence, surprise, or excusable neglect;" "newly discovered evidence;" "fraud;" a void

---

2. Although the Senate plan, enacted by Act 71 of 2011, was originally part of this litigation, Plaintiffs and Plaintiff–Intervenor Senator Dick Elliott voluntarily dismissed all claims related to the Senate plan prior to the Court's March 9, 2012 Judgment and Order. *See Backus*, 857 F. Supp. 2d at 557 n.1.
3. In Reply to Speaker Harrell's Memorandum in Opposition, Plaintiffs claim that in light of *Shelby County*, "Plaintiffs seek relief under one, and only one, theory: that the affirmative use of race in drafting [the House plan] violates equal protection." Pls.' Reply to Def. Harrell's Memo. Opp. to Pls.' Mot. Relief 3.

3

judgment; and a satisfied, released, or discharged judgment, Fed. R. Civ. P. 60(b)(1)–(5). Additionally, a court may relieve a party from a final judgment, pursuant to Rule 60(b)'s "catchall" provision, *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (en banc), for "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6).

Although Rule 60(b) represents an "exception to finality," *U.S. Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010) (quoting *Gonzalez*, 545 U.S. at 529) (internal quotation marks omitted), a Rule 60(b) motion "is not a substitute for a timely and proper appeal." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). Moreover, "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *Tyson v. Ozmint*, 246 F.R.D. 517, 519 (D.S.C. 2007) (quoting *United States v. Williams*, 674 F.2d 310, 312–13 (4th Cir. 1982)) (internal quotation marks omitted); *see also Williams*, 674 F.2d at 312–13 ("Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)."). Rather, "Rule 60 provides for an extraordinary remedy that should not be awarded except under exceptional circumstances." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). Accordingly, in order to obtain relief pursuant to Rule 60(b), "the moving party must make a threshold showing that (1) its motion was timely made; (2) it had a meritorious defense; (3) no unfair prejudice to the opposing party would result; and (4) exceptional circumstances warranted relief from the judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 n.12 (4th Cir. 2010) (citing *Dowell*, 993 F.2d at 48). In addition to meeting Rule 60(b)'s threshold requirements, the moving party must satisfy one or more of the Rule's enumerated subsections. *Dowell*, 993 F.2d at 48.

## ANALYSIS

Plaintiffs' Motion for Relief seeks to set aside the Court's March 9, 2012 Judgment and Order pursuant to subsections (5) and (6) of Rule 60(b). Without addressing whether Plaintiffs have satisfied the four prerequisites to Rule 60(b) relief, the Court proceeds to the merits of whether the instant Motion for Relief is appropriate under subsections (5) or (6) of Rule 60(b). *See Dowell*, 993 F.2d at 48 (employing similar approach in disposing of appeal from district court's denial of Rule 60(b) motion).

### I.     Rule 60(b)(5)

Plaintiffs first seek relief from the Court's Judgment and Order under Rule 60(b)(5) of the Federal Rules of Civil Procedure. Rule 60(b)(5) provides that a party may file a motion for relief from a final judgment if: (1) the judgment at issue has been satisfied, released, or discharged; (2) an earlier judgment on which it is based has been reversed or vacated; or (3) applying the judgment prospectively is no longer equitable. *See* Fed. R. Civ. P. 60(b)(5). While the first two provisions of Rule 60(b)(5) are rarely applied,[4] "[t]he significant portion of Rule 60(b)(5) is the final ground, allowing relief if it is no longer equitable for the judgment to be applied prospectively." 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2863 (3d ed. 2013).

Much like Rule 60(b) more generally, Rule 60(b)(5) is not a substitute for an appeal and it is not intended to permit relitigation of those issues already decided or disposed of by the judgment. *See id.* Additionally, "Rule 60(b)(5) may not be used to challenge the legal conclusions on which a prior judgment or order rests." *Horne v. Flores*, 557 U.S. 433, 447 (2009). Instead, the drafters intended Rule 60(b)(5) to apply to situations where the party seeking relief can demonstrate that there has been some significant change in the underlying

---

4.   The first two provisions of Rule 60(b)(5) also are not raised in, nor implicated by, Plaintiffs' Motion for Relief.

5

conditions that makes continued enforcement inequitable. *E.g.*, *id.* (citing *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992)); 11 Wright et al., *supra*, § 2863. "Although the principal significance of this portion of [Rule 60(b)(5)] is with regard to injunctions, it is not confined to that form of relief, nor even to relief that historically would have been granted in courts of equity." 11 Wright et al., *supra*, § 2863. Nevertheless, as indicated by the text of the provision itself, the judgment from which relief is sought must be one with prospective application. Fed. R. Civ. P. 60(b)(5).

Plaintiffs move for relief from this Court's March 9, 2012 Judgment and Order under Rule 60(b)(5) in light of the Supreme Court's decision in *Shelby County*, 133 S. Ct. 2612. Specifically, Plaintiffs maintain that *Shelby County* "constitutes a monumental change in constitutional law," Pls.' Memo. Supp. Mot. Relief 1, that "changed the substantive law applicable in this case," *id.* at 12. Moreover, Plaintiffs contend that "the Supreme Court's decision to strike down the [s]ection 5 [of the Voting Rights Act] regime requires this Court to reopen its prior judgment to examine the consequences of this dramatic change in law,"[5] *id.* The Court is persuaded neither by Plaintiffs' interpretation of *Shelby County* nor their arguments for applying or extending its holding to the present case.[6] Nevertheless, Plaintiffs' arguments fall short of satisfying Rule 60(b)(5)'s standard for granting relief from judgment.

---

5.   Although Plaintiffs repeatedly refer to *Shelby County* as "holding [s]ection 5 unconstitutional," Pls.' Memo. Supp. Mot. Relief 2, or otherwise invalidating the provision, the Supreme Court did not address section 5 of the Voting Rights Act. *See Shelby Cnty.*, 133 S. Ct. at 2631 ("We issue no holding on [section] 5 itself, only on the coverage formula.").

6.   While this Court is not convinced that *Shelby County* represents a change in the law—particularly one that would benefit Plaintiffs—the Court assumes, *arguendo*, for purposes of Plaintiffs' Motion for Relief, that it does. *See Dowell*, 993 F.2d at 48. For a discussion of the Supreme Court's opinion in *Shelby County*, see *Hall v. Louisiana*, CIV.A. 12-00657-BAJ, 2013 WL 5405656, at *3–5 (M.D. La. Sept. 27, 2013); *see also id.* at *5 (stating that the rule of law set out by the Court in *Shelby County* is given retroactive effect only to cases still under direct review).

Although "[a] party 'may meet its initial burden by showing either a significant change either in factual conditions or in law,'"[7] *L.J. v. Wilbon*, 633 F.2d 297, 305 (4th Cir. 2011) (quoting *Rufo*, 502 U.S. at 384), the text of Rule 60(b)(5) itself indicates that the provision applies only to judgments with prospective application, *Comfort v. Lynn Sch. Comm.*, 560 F.3d 22, 28 (1st Cir. 2009) (citing Fed. R. Civ. P. 60(b)). In *Dowell*, the Fourth Circuit explained that "a decisional change in the law subsequent to the issuance of a final judgment, especially . . . where the earlier judgment is neither res judicata nor provides collateral estoppel, does not provide a sufficient basis for vacating the judgment under Rule 60(b)(5)." 993 F.2d at 48; *see also Hall v. Warden*, 364 F.2d 495, 496 (4th Cir. 1966) (en banc) (refusing to vacate judgment on basis that it was erroneous in light of subsequent Supreme Court decision effecting change in decisional law). Here, Plaintiffs assert that "[t]he Court should set aside its Order and Judgment pursuant to Rule 60(b)(5) or (b)(6) of the Federal Rules of Civil Procedure because the change in constitutional law announced in *Shelby County* calls into question the prospective appropriateness of this Court's Order and the continued viability of the House redistricting plan." Pls.' Memo. Supp. Mot. Relief 16. "That plaintiff remains bound by the dismissal is not a 'prospective effect' within the meaning Rule 60(b)(5) any more than if plaintiff were continuing to feel the effects of a money judgment against him." *Schwartz v. United States*, 976 F.2d 213, 218 (1992) (quoting *Gibbs v. Maxwell House*, 738 F.2d 1153, 1155–56 (11th Cir. 1984)). Indeed, Plaintiffs' arguments appear to take the position that any judgment that continues to bind

---

7. Those cases permitting relief based on a change in decisional law are largely limited to situations involving injunctions and consent decrees, particularly in the context of institutional reform litigation. *E.g.*, 11 Wright et al., *supra*, § 2863 n.31 (collecting cases). As noted by the Supreme Court in *Horne*, due to the unique features of institutional reform litigation, such as sensitive federalism concerns, courts are required to employ a "flexible approach" to Rule 60(b)(5) motions in the context of institutional reform decrees and injunctions. *Horne*, 557 U.S. at 450. Indeed, "injunctions issued in such cases often remain in force for many years, and the passage of time frequently brings about changed circumstances—changes in the nature of the underlying problem, changes in governing law or its interpretation by the courts, and new policy insights—that warrant reexamination of the original judgment." *Id.* at 447–48.

the parties is prospective. However, as noted by the Fourth Circuit in *Schwartz*, adopting such a construction "would read the word 'prospective' out of the rule." *Id.* Moreover, the Court's March 9, 2012 Judgment and Order is neither executory nor does it involve the supervision or monitoring of the Parties' conduct or of changing electoral conditions. *Cf. Caesar v. Padula*, CIV.A. 0:12-316-MGL, 2013 WL 4757506, at *2 (D.S.C. Sept. 3, 2013) (quoting *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv.*, 131 F.3d 625, 630 (7th Cir. 1997) (noting that judgments are prospective when they are executory or involve the supervision of changing conduct or conditions, as opposed to judgments that merely have continuing consequences); *see also Castles Auto & Truck Serv., Inc. v. Exxon Corp.*, 16 F. App'x 163, 168 n.3 (4th Cir. 2001) (noting that a money judgment has no prospective application, even when not yet satisfied). Accordingly, Plaintiffs have failed to demonstrate, for purposes of satisfying Rule 60(b)(5)'s standard, that the judgment from which they now seek relief is one with prospective application.

## II.     Rule 60(b)(6)

Plaintiffs also seek relief from judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b)(6) allows a party or its legal representative to seek relief from a judgment or order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Although generally referred to as Rule 60(b)'s "catchall" provision, *e.g.*, *Aikens*, 652 F.3d at 500, "case law limits the reasons for which a court may grant relief under Rule 60(b)(6)," *Dowell*, 993 F.2d at 48. Notably, "[a] Rule 60(b)(6) motion must be based upon some other reason than those stated in clauses (1) [through] (5)." *Union Ins. Co. v. Soleil Grp., Inc.*, 585 F. Supp. 2d 783, 787 n.4 (D.S.C. 2008) (quoting *Lepore v. Ramsey*, 149 F.R.D. 90, 94 (D. Md. 1993)); *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) ("In particular, Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from a final judgment "upon

such terms as are just," provided that the motion . . . is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5).").

Additionally, a Rule 60(b)(6) motion "may not be granted absent 'extraordinary circumstances.'" *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004) (quoting *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n.2 (4th Cir. 2000)). As the Supreme Court made clear in *Liljeberg*, "the difference between Rule 60(b)(6) and Rules 60(b)(1)–(5) is that 'extraordinary circumstances' are required to bring the [Rule 60(b)(6)] motion within the 'other reason' language of that Rule." *Valero Terrestrial Corp.*, 211 F.3d at 118 n.2 (quoting *Liljeberg*, 486 U.S. at 863 n.11) (internal quotation marks omitted). Although "[t]he Rule does not particularize the factors that justify relief," *Liljeberg*, 486 U.S. at 863–64, "[r]elief under 60(b)(6) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." *Wojcicki v. Aiken Technical Coll.*, 1:06-CV-00461-MBS, 2012 WL 3596161, at *2 (D.S.C. Aug. 21, 2012) (quoting *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir. 1986) (per curiam)), *aff'd*, 501 F. App'x 286 (4th Cir. 2012).

Plaintiffs contend that "if the Court decides it lacks authority pursuant to subsection (b)(5), it should grant Plaintiffs relief pursuant to Rule 60(b)(6)." Pls.' Memo. Supp. Mot. Relief 20. In support of this argument, Plaintiffs rely on "the same reasons set forth above" in the context of their Motion for Relief under Rule 60(b)(5). *Id.* Having found that granting relief from this Court's prior Judgment and Order is unnecessary and unwarranted under Rule 60(b)(5) based on a change in the law, the Court similarly finds that Plaintiffs have also failed to demonstrate "extraordinary circumstances" warranting relief under Rule 60(b)(6).

9

Aside from pointing to the Supreme Court's decision in *Shelby County*, Plaintiffs have not cited any reason sufficiently justifying the relief requested. "[A]s under Rule 60(b)(5), such a change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6)."[8] *Dowell*, 993 F.2d at 48; *see also Hendricks v. Galloway*, 3:03-CV-740-DCN, 2011 WL 585970, at *2 (D.S.C. Feb. 9, 2011) ("A change in the law or in the judicial view of an established rule of law is not such an extraordinary circumstance which justifies such relief. . . . Litigation must end some time, and the fact that a court may have made a mistake in the law when entering judgment, or that there may have been some judicial change in the court's view of the law after its entry, does not justify setting it aside." (quoting *Collins v. City of Wichita, Kan.*, 254 F.2d 837, 839 (10th Cir. 1958) (internal citations omitted)), *aff'd*, 431 F. App'x 219 (4th Cir. 2011), *cert. dismissed*, 132 S. Ct. 1048 (2012), *reconsideration denied in part*, 132 S. Ct. 1653 (2012). In attempting to distinguish *Dowell*, Plaintiffs contend that "the decisional change in *Dowell* [was] not so much of a 'change' as a disagreement between coequals," because the district court in *Dowell* "was properly vested with diversity jurisdiction and capable of deciding questions of state law." Pls.' Reply to Def. Harrell's Memo. Opp. to Pls.' Mot. Relief 12. With regard to the present case, however, Plaintiffs state that "this Court was in no position to overrule the United States Supreme Court's four earlier determinations that [s]ection 5 was constitutionally applied." *Id.* In support of this conclusion, Plaintiffs cite *Agostini v. Felton*, 521 U.S. 203 (1997), for the Supreme Court's pronouncement that "[w]e do not acknowledge, and we do not hold, that other courts should conclude our more recent cases have, by implication, overruled an earlier precedent." *Id.* (citing *Agonstini*, 521 U.S. at 237).

---

8.     Although Plaintiffs later concede that *Shelby County* "was not a change in decisional law, but a shift in the constitutional landscape," Pls.' Reply to Def. Harrell's Memo. Opp. to Pls.' Mot. Relief 13, a shift in the relevant legal landscape—even one of the "seismic" proportions Plaintiffs claim that *Shelby County* represents—does not warrant Rule 60(b)(6) relief.

Plaintiffs are indeed correct in that this Court was not, and is not, authorized to overrule the Supreme Court's prior determinations with regard to section 5, both because of the structure of our federal courts and because the constitutionality of section 5 was not an issue presented to this Court.[9]  Nevertheless, it is precisely the directive in *Agostini* Plaintiffs request that this Court now ignore.  Plaintiffs ask that this Court declare that *Shelby County* impliedly overruled the Supreme Court's longstanding precedent with regard to redistricting.  The Court declines this invitation.  Moreover, Plaintiffs request that this Court declare that the Supreme Court's decision in *Shelby County* undercut and effectively overruled its own affirmance of this Court's March 9, 2012 Judgment.  The Court is hardly persuaded that a Supreme Court decision, announced less than nine months after the Supreme Court affirmed the very Judgment from which Plaintiffs now seek relief, constitutes "extraordinary circumstances" as contemplated and required by Rule 60(b)(6).  Thus, Plaintiffs have failed to demonstrate any such "extraordinary circumstances" necessitating relief under Rule 60(b)(6).

## CONCLUSION

Therefore, for the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion for Relief is **DENIED**.

**AND IT IS SO ORDERED.**

**March 10, 2014**
**Columbia, South Carolina**

---

9.    Again, the constitutionality of section 5 also was not addressed by the Supreme Court in *Shelby County*.  *See Shelby Cnty.*, 133 S. Ct. at 2631 ("We issue no holding on [section] 5 itself, only on the coverage formula.").